## Sobrinos de Ezquiaga *v.* Munitiz.

Apelación procedente de la Corte de Distrito de

Guayama.

No. 69.   Resuelto en Mayo 12, 1905.

OBLIGACIONES.—EFECTIVIDAD DE LA SENTENCIA.—Toda persona que reclamare en juicio el cumplimiento de una obligación, puede solicitar y obtener de la Corte una medida precautoria para asegurar la efectividad de la sentencia que se dicte, *cualquiera que sea la naturaleza de tal obligación,* es decir, sea ésta líquida ó ilíquida, de hacer ó de no hacer, ó de entregar alguna cantidad de dinero ó alguna cosa determinada.

ID.—OBLIGACIÓN EXIGIBLE.—A los efectos de asegurar la efectividad de la sentencia, es necesario que la obligación cuyo cumplimiento se demandare, sea *exigible,* pero no que esté *vencida,* en el sentido de que *pueda hacerse efectiva inmediatamente.*

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogados de los apelados: *Sres. Acuña y Méndez.*

El Juez Presidente Sr. Quiñones, emitió la opinión del Tribunal.

Por escritura pública otorgada en esta Capital ante el Notario de la misma Don Juan Ramón de Torres, á los treinta días del mes de Noviembre de mil ochocientos noventa y tres, la Sociedad Mercantil en comandita que giraba en esta plaza bajo la razón de Sobrinos de Ezquiaga y D. Modesto Munitiz y Aguirre, vecino y del comercio de Cayey, celebraron un contrato en el que después de sentar por vías de antecedentes, que á la sociedad otorgante correspondían en propiedad dos casas de madera, cubiertas de zinc, contiguas la una de la otra, y sitas ambas en el barrio de "Monteyano", sitio denominado "Palo Seco", del término municipal de Cayey, y en una de las cuales existía una máquina de vapor con su correspondiente motor, destinada al secado, pilado, venteador y escogido de café con su correspondiente tahona, y cuyas casas por convenio con el Sr. Munitiz la Sociedad otorgante se las había entregado para que las utilizara con el estableci-

miento mercantil que tenía abierto en una de ellas y para el acopio y preparación del café, con la condición de mantenerlas en el mejor estado posible y sin permitir su deterioro, y que habiendo convenido con el Sr. Munitiz abrirle un crédito hasta la suma de veinte y cinco mil pesos para atender á sus operaciones mercantiles, llevando á efecto dicho convenio otorgaron y acordaron las estipulaciones siguientes:

1a.—Que la Sociedad "Sobrinos de Ezquiaga" desde luego abrían un crédito hasta la suma de veinte y cinco mil pesos moneda comercial á Don Modesto Munitiz y Aguirre, que le entregarían en efectivo, según sus órdenes y pedidos y en provisiones y mercancías conforme los fuera solicitando para sus negocios y se le irían cargando por la Sociedad otorgante en la cuenta corriente que le abriría al efecto.

2a.—Que el Sr. Munitiz se obligaba á su vez á ingresar también en cuenta corriente cantidades parciales en la forma que le fuera más cómoda, con el fin de amortizar su adeudo, y que mientras cumpliera con este deber la Sociedad continuaría á su vez haciéndole las entregas que necesitara para su establecimiento, de suerte que siempre lo tuviera surtido.

3a.—Que no se fijaba término para la duración de este contrato, sino que la Sociedad Sobrinos de Ezquiaga, cuando lo viera conveniente á sus intereses, daría aviso anticipado de seis meses al Sr. Munitiz para el total solvendo del saldo que resultara á su favor en la cuenta corriente, y cuyo saldo debería abonarlo el Sr. Munitiz.

4a.—Que en el caso de que éste tuviera que ausentarse, ó se enfermase, ó muriese, ó no pudiese continuar al frente de sus negocios, por cualquier evento, los Sres. Sobrinos de Ezquiaga quedaban facultados y autorizados para ponerse al frente de la casa mercantil del Sr. Munitiz y continuar los mismos negocios, ó ponerla en liquidación,

ó lo que estimaren más beneficioso para los intereses de ambos.

5a.—Que los beneficios que obtuviera en su establecimiento el Sr. Munitiz, se repartirán en esta forma: un cincuenta por ciento para él y el otro cincuenta por ciento para la Sociedad Sobrinos de Ezquiaga, en compensación de los beneficios que recibía Munitiz de no pagar intereses por el crédito que le abría dicha Sociedad y por el usufructo que le concedía de sus dos casas.

6a.—Que al practicarse cualquier balance por Munitiz en su establecimiento, lo avisaría á la Sociedad para realizarlo con su conocimiento é intervención; y por último que si el Sr. Munitiz tuviera necesidad de mayor crédito que el de los veinte y cinco mil pesos convenidos, y no tuvieren inconveniente en facilitárselos los Sres de Ezquiaga, así lo verificarían cargándole el exceso en cuenta corriente y bajo las propias estipulaciones y garantías acordadas en dicha escritura.

A los diez años después de la fecha de este documento, ó sea en 7 de Mayo de 1904, con copia de la expresada escritura, la Sociedad Sobrinos de Ezquiaga, como sucesora y liquidadora de la anterior sociedad del mismo nombre, dedujo demanda en el extinguido Tribunal del Distrito de San Juan, contra Don Modesto Munitiz y Aguirre, en la que haciendo relación de los antecedentes expuestos y agregando además que en cumplimiento de las estipulaciones contenidas en dicha escritura la Sociedad Sobrinos de Ezquiaga había venido cubriendo los giros y atendiendo á las órdenes y pedidos del Sr. Munitiz, cargándoselos en cuenta, así como haciéndoles los abonos correspondientes de las cantidades que en efectivo, mercaderías y otros valores había recibido de él con aquel objeto; que les convenía hacer constar para los fines ulteriores de la demanda, que en la fecha de ésta, el saldo que arrojaba á favor de la Sociedad demandante la cuenta corriente abierta al Sr. Munitiz, ascendía á la suma de

ochenta mil ciento noventa y nueve dollars cuarenta cen-
tavos, como lo comprobaban las copias de cuentas y car-
tas recibidas del mismo Munitiz y que obraban unidas á
la demanda: que hasta el año de 1899 el Sr. Munitiz había
venido cumpliendo la obligación que le imponía el con-
trato de comunicar á Sobrinos de Ezquiaga el resultado
de sus operaciones y balances, pero que desde aquella fe-
cha había dejado de hacerlo, impidiéndoles así el ejerci-
cio del derecho que les concedía la cláusula 6a. del con-
trato de referencia: que los balances anteriores al año de
1899, acusaban constantes pérdidas en los negocios del
Sr. Munitiz, cuya conducta la hacía más sospechosa por
otra parte, el hecho extraño de que habiendo vendido á la
Sociedad demandante por escritura pública de cinco de
Octubre de mil novecientos dos, una finca rústica radica-
da en Cayey, con la represa y tubería necesaria para sur-
tir de agua al Cuartel establecido en aquel pueblo, por
escritura posterior de treinta de Diciembre de mil nove-
cientos tres, vendió la misma finca que ya no le pertene-
cía al Gobierno de los Estados Unidos: que esta conducta
extraña del Sr. Munitiz hacía su proceder por demás sos-
pechoso y obligaba á la Sociedad demandante á poner
término de una vez á aquel estado de cosas tan perjudicial
para sus intereses: que atendida la importancia de los ne-
gocios del Sr. Munitiz y el movimiento de fondos que acu-
saba su cuenta corriente la que arrojaba en Agosto de mil
novecientos, un saldo reconocido por él á favor de Sobri-
nos de Ezquiaga por valor de ciento sesenta mil ocho-
cientos ochenta y seis pesos moneda americana, no era
aventurado fijar provisionalmente en treinta mil pesos el
montante de las utilidades que debía haber obtenido el Sr.
Munitiz y de las cuales la mitad, ó sean quince mil pesos,
corresponderían á la Sociedad demandante según lo con-
venido en la escritura, con cinco mil pesos más en que
tampoco era aventurado calcular, con el mismo carácter
de provisional los daños y perjuicios ocasionados á la mis-

ma sociedad por la falta de cumplimiento del Sr. Munitiz
en orden á la obligación que le imponía el contrato de ren-
dir cuentas á Sobrinos de Ezquiaga de las operaciones de
su tráfico mercantil y que no habiendo obtenido del Sr.
Munitiz no obstante sus repetidas gestiones privadas, la
devolución de las fincas recibidas de dicha Sociedad, ni la
rendición de cuentas, ni entrega de la parte de utilidades
á que estaba obligado por la escritura de treinta de No-
viembre de mil novecientos tres, se veía la sociedad de-
mandante en la necesidad de instar judicialmente para el
cumplimiento de aquellas estipulaciones; y alegando las
consideraciones legales que estimó pertinentes á su dere-
cho, concluyó suplicando al Tribunal declarara con lugar
la demanda condenando en su consecuencia al demanda-
do Don Modesto Munitiz Aguirre, 1o. á que devolviera á
la Sociedad demandante las dos casas con la maquinaria
que en ellas existía y le fueron entregadas por la escritu-
ra de treinta de Noviembre de mil ochocientos noventa y
tres, 2o. á que rindiera cuenta justificada de las utilidades
que hubiera tenido en su casa mercantil á partir del año
de mil ochocientos noventa y nueve; y 3o. á que abonara
á la Sociedad demandante la mitad de dichas utilidades,
y le indemnizara de los daños y perjuicios causados. en la
suma que apreciara el Tribunal.

Por otrosí de la demanda solicitó la Sociedad deman-
dante que de acuerdo con lo establecido con la Ley votada
por la Asamblea Legislativa de esta Isla para asegurar
la efectividad de las sentencias, se dictara por el Tribunal
una medida que asegurara la efectividad de la que reca-
yera en su día en este juicio, disponiéndose el embargo
de bienes del demandado hasta en cantidad de veinte mil
dollars, que se calculaban suficientes al fin indicado, con
la prohibición de enagenarlos, á cuyo efecto designó va-
rias fincas y créditos de la propiedad del Sr. Munitiz que
aparecían inscritos á su favor en el Registro de la Pro-
piedad de Guayama alegando al efecto que se remitía en

un todo á los puntos de hecho y de derecho consignados en lo principal de la demanda; que con esta se presentaba una escritura pública en donde constaba claramente que las obligaciones, objeto de la demanda eran exigibles; que igualmente se acompañaban copias de cuentas corrientes reconocidas de conformidad por el demandado, al efecto de comprobar que la Sociedad Sobrinos de Ezquiaga había cumplido hasta con exceso las estipulaciones contenidas en la escritura base del contrato de cuyo cumplimiento se trataba; que se acompañaba además otra escritura pública que acreditaba la doble venta de una finca realizada por el demandado y la consiguiente necesidad de adoptar las medidas de seguridad que se solicitaban y por último que el documento originario base de las obligaciones exigidas tenía el carácter de auténtico con arreglo á la sección 5a. apartado A. de la Ley citada de la Asamblea Legislativa de esta Isla.

Decretado de conformidad el embargo solicitado por el Tribunal de Distrito de San Juan y trasladado el pleito al Tribunal de Distrito de Guayama, sin que conste el motivo, compareció ante él el demandado Don Modesto Munitiz, bajo la dirección del Abogado Don Luis Muñoz Morales, presentando una moción para que se declarara nulo el embargo practicado y alegando en apoyo de su solicitud, que siendo necesario liquidar la cuenta corriente llevada entre Munitiz y la Sociedad Sobrinos de Ezquiaga para determinar la parte correspondiente á esta Sociedad en las ganancias con arreglo al artículo 5o. del contrato de treinta de Noviembre de mil ochocientos noventa y tres, era por consiguiente ilíquida la cantidad á que pudiera tener derecho la Sociedad demandante, y por lo tanto nulo el embargo según la jurisprudencia establecida por la Corte Suprema de California; según la cual para decretar un embargo es preciso que la deuda sea líquida: que no habiéndose fijado en dicho contrato la época en que debiera Munitiz practicar la liquidación, ni habiéndosele

requerido previamente para ello, no podía sostenerse que hubiera incurrido en morosidad y resultaba injustificada la fijación de los cinco mil dollars que solicita dicha sociedad como indemnización de daños y perjuicios; que aún después de practicada la liquidación y fijada la cantidad líquida á que tuviera derecho la Sociedad demandante todavía era preciso demostrar que fuera una deuda exigible y vencida, porque no siendo así con arreglo también á la jurisprudencia de la Corte Suprema de California, un embargo trabado antes del vencimiento de una deuda, es prima facie nulo; que á solicitud del demandado y de acuerdo con los artículos 75, 81 y 83 del Código de Enjuiciamiento Civil vigente, se dispuso por el Tribunal de Distrito de San Juan la traslación de los autos á la Corte de Distrito de Guayama, con lo que quedaba reconocida la incompetencia del primero de dichos Tribunales para conocer de la demanda y de sus incidentes, siendo por esta razón también nulo el embargo decretado por el Tribunal de Distrito de San Juan, que con la orden decretando el embargo de bienes se ha violado el precepto de la Sección 3a. apartado B. de la Ley para asegurar la efectividad de las sentencias, pues el contrato no contiene la obligación de pagar una suma de dinero, sino un tanto por ciento de las utilidades que pudieran resultar del balance á favor de la Sociedad demandante; que así mismo se había infringido la Sección 4a. de la referida Ley, porque en el documento auténtico, ó sea el contrato de treinta de Noviembre de mil ochocientos noventa y tres, no constaba claramente que la obligación fuera exigible, puesto que el pago de las utilidades convenidas no es exigible hasta que se haya practicado el balance ó liquidación, y resulte una cantidad líquida y determinada de beneficio.

Impugnada la moción por la Sociedad demandante, dictó el Tribunal su resolución con fecha 31 de Octubre último, declarando "que la ley y los hechos están en con-

tra de la moción'' y por lo tanto la declaró sin lugar y con las costas al demandado.

Apelada esta resolución por la representación del demandado Sr. Munitiz y sustanciada en forma el recurso se celebró la vista, informando los abogados defensores de las partes lo que estimaron pertinentes á su derecho.

Planteada así la cuestión que se debate en el presente recurso, queda ésta reducida á determinar si atendido los antecedentes del asunto y los términos en que ha sido establecida la demanda era ó no procedente el embargo de bienes decretado por el Tribunal de Distrito de San Juan para asegurar el cumplimiento de la sentencia que en su día se pronuncie en estos autos. El Juez que suscribe entiende que sí era procedentes el embargo.

Es claro que en la demanda no se reclama el pago de ninguna cantidad líquida como objeta la representación del apelante; pero si esto es verdad, también lo es que en estos casos no se necesita que sea líquida la cantidad para que el embargo proceda.

Sobre este particular es concluyente la Sección 1a. de la Ley de la Asamblea Legislativa de esta Isla de 1o. de Marzo de 1902 para asegurar la efectividad de las sentencias. ''Toda persona que demandare en juicio el cumplimiento de una obligación, (dice dicha Sección 1a.) podrá obtener una resolución del Tribunal que conociere de la demanda, adoptando las medidas procedentes según los casos, para asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.''

Resulta, pues, con toda claridad, que la ley no exige que se reclame una deuda ó cantidad líquida, sino que basta se reclame el cumplimiento de una obligación, cualquiera que sea su naturaleza; bien sea líquida ó ilíquida, de hacer, ó de no hacer, ó de entregar una cantidad de dinero ó una cosa determinada, para que pueda solicitarse y obtenerse del Tribunal una medida precautoria para

asegurar la efectividad de la sentencia que se dicte, según los casos.

Tampoco se necesita que la obligación sea vencida, en el sentido que expresa la representación del apelante, ó sea que pueda hacerse efectiva inmediatamente; pues lo que se necesita es que sea exigible y este requisito no puede dudarse que concurra en el presente caso, atendidas las condiciones establecidas en el contrato celebrado entre el Sr. Munitiz y la Sociedad Sobrinos de Ezquiaga y los términos en que se ha propuesto la demanda.

En el artículo 3o. de la escritura de treinta de Noviembre de mil ochocientos noventa y tres, que es la base del contrato de cuyo cumplimiento se trata, se estipuló claramente que no se fijaba término para la duración de dicho contrato, sino que se dejaba á la voluntad de los Sres. Sobrinos de Ezquiaga, imponiéndoles tan sólo la condición de dar aviso anticipado de seis meses al deudor Munitiz, para el solvendo del saldo que resultara á su favor en la cuenta corriente originada entre ambos, con motivo del crédito abierto á dicho Señor por la Sociedad demandante; pero esta condición no es aplicable á las demás obligaciones impuestas por la escritura al Sr. Munitiz, de manera que, si según lo convenido, el contrato no tenía término fijo para su duración, sino que se dejaba á la voluntad de los Sres. Sobrinos de Ezquiaga darlo por terminado cuando lo tuvieran por conveniente á sus intereses, sin más restricción que para cobrar al Sr. Munitiz el saldo de su cuenta corriente, para lo cual necesitaba darle un aviso anticipado de seis meses, lo que no es precisamente el objeto de la demanda, parece, sin que por esto se entienda prejuzgada la cuestión, que todas las demás obligaciones que se reclaman al Sr. Munitiz, son exigibles con arreglo al contrato; y como por otra parte se han cumplido todos los demás requisitos que exige la Ley citada de la Asamblea Legislativa sobre aseguramiento de sentencias, en su Sección 3a., y no aparece excesivo el em-

bargo decretado para asegurar el cumplimiento de la sentencia que pueda recaer en estos autos, atendido el gran movimiento de fondos que acusan las cuentas presentadas por Sobrinos de Ezquiaga, durante el largo tiempo de que ha estado disponiendo el Sr. Munitiz del crédito que le abriera la Sociedad demandante, y la gran importancia de las negociaciones que durante aquel período ha debido realizar el Sr. Munitiz y que es de presumirse le hayan producido pingües ganancias; por todas estas consideraciones, el Juez que suscribe es de parecer que la sentencia dictada por el Tribunal de Distrito de Guayama en treinta y uno de Octubre último, y que es objeto de la presente apelación, debe ser confirmada con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.