EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br><br>José E. Santiago Maldonado<br>(TS-18,288) | 2024 TSPR 118<br><br>214 DPR ___ |
|---|---|

Número del Caso: AB-2023-0210

Fecha: 14 de noviembre de 2024

Oficina del Procurador General:

Lcda. Mabel Sotomayor Hernández
Subprocuradora General

Lcda. Yaizamarie Lugo Fontánez
Procuradora General Auxiliar

Lcda. Melanie M. Mercado Méndez
Procuradora General Auxiliar

Representante legal del promovido:

Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata por el término de tres (3) meses del ejercicio de la abogacía por infringir los Cánones 18, 19, 20, 23 y 25 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>José E. Santiago Maldonado<br>(TS-18,288) | AB-2023-0210 | |

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Nuevamente ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal. Luego de haber evaluado la conducta reseñada a continuación, nos encontramos obligados a suspender del ejercicio de la abogacía por el término de tres (3) meses al Lcdo. José E. Santiago Maldonado (licenciado Santiago Maldonado) de manera inmediata. Lo anterior, por su proceder contrario a los Cánones 18, 19, 20, 23 y 35 del Código de Ética Profesional, *infra*.

**I**

El licenciado Santiago Maldonado fue admitido al ejercicio de la abogacía el 8 de febrero de 2011 y al notariado el 27 de septiembre de 2011.[1] En lo que aquí nos

---

[1] Posteriormente, el 4 de mayo de 2021, mediante una Opinión *Per Curiam*, suspendimos al licenciado Santiago Maldonado de la práctica de la notaría por un término de seis (6) meses. *Véase*, *In re; José E. Santiago Maldonado*, 206 DPR 1029 (2021). Sobre esa Queja (AB-2019-0202) en la práctica de la abogacía fue censurado enérgicamente y apercibido de abstenerse de incurrir en conducta que lesione los estándares éticos. Hasta la fecha de hoy el licenciado Santiago Maldonado no ha sido readmitido a la práctica de la notaría. Además, el letrado fue

concierne, el 5 de septiembre de 2023, la Sra. María T. Hernández Montañez (señora Hernández Montañez o promovente) presentó una *Queja* contra el primero.

Según la *Queja*, en agosto de 2022, el licenciado Santiago Maldonado fue contratado por la señora Hernández Montañez, quien trabajaba fuera de Puerto Rico, para que presentara una demanda de desahucio sobre una propiedad inmueble en San Lorenzo. Esbozó, además, que al contratar al licenciado Santiago Maldonado le pagó dos mil ($2,000) dólares. Señaló que, en enero de 2023, luego de presentada la demanda, dialogó con el letrado por el teléfono para gestionar unos cambios a esta y que luego de esta comunicación no ha recibido respuestas a sus llamadas o correos electrónicos.

El 2 de noviembre de 2023, el licenciado Santiago Maldonado presentó su Contestación a la *Queja*, en donde reconoció la relación abogado cliente con la promovente. Además, indicó que luego de presentar la demanda se desistió sin perjuicio de esta por no lograr citar a la parte demandada. Alegó, que posteriormente, intentó comunicarse con la promovente para obtener información adicional necesaria para lograr citar a la demandada. Finalmente, señaló que no recibió los últimos correos electrónicos de la promovente, pero que luego de recibir la *Queja* encontró estos en el archivo de "spam".

---

disciplinado con relación a la *Queja* AB-2020-0019 mediante *Resolución* de este Tribunal en la cual fue censurado y apercibido.

Así pues, este Tribunal refirió el asunto a la Oficina del Procurador General (Procurador General) para que investigara y rindiera el informe correspondiente. En cumplimiento con lo anterior, el 10 de junio de 2024, la referida dependencia gubernamental presentó el respectivo *Informe*. En resumen, concluyó que el licenciado Santiago Maldonado se apartó de los Cánones 18, 19, 20, 23 y 35 del Código de Ética Profesional, *infra*. Así las cosas, recomendó que ordenáramos al letrado a rendir cuentas a la señora Hernández Montañez y a devolver el dinero pagado en concepto de honorarios de abogado. En cuanto a la sanción presentó ante nos dos alternativas, a saber: 1) la censura enérgica y el archivo de la queja, o 2) la suspensión del ejercicio de la abogacía.

Según surge del *Informe*, el 2 de agosto de 2022, la señora Hernández Montañez contrató al licenciado Santiago Maldonado para presentar una demanda de desahucio. Así las cosas, el 6 de diciembre de 2022, la señora Hernández Montañez le escribió un correo al letrado donde expresó:

> No he escuchado de ti en algún tiempo. Sólo quiero saber [cómo] va el proceso de desalojo, y preguntar si necesitas algo de mí. Mi teléfono murió hace dos meses y con él toda la info que allí tenía. Finalmente tengo otra unidad con el mismo número.[2]

Sin recibir respuesta de esta comunicación, el 27 de diciembre de 2022, la señora Hernández Montañez remitió otro correo electrónico al abogado. En este expresó:

---

[2] Véase Anejo del Informe del Procurador General, en la pág. 28.

Sigo sin escuchar de ti. ¿será que me das información o será que renuncias y me devuelves el dinero? Espero respuesta; de no recibir alguna, considera 3 enero como fecha en que pido la renuncia y devolución de dinero.[3]

El 31 de diciembre de 2022, el licenciado Santiago Maldonado contesto por correo electrónico, lo siguiente:

[...] Acabo de ver tu email. Lamento la falta de comunicación en los últimos meses. He tenido circunstancias que me han mantenido un poco desconectado. No obstante[,] tu caso está procesado en el [tribunal]. La expectativa es que para febrero estemos en la vista de desahucio. Me comunicaré contigo tan pronto regrese a oficina el 9 de enero. [...][4]

Ante lo anterior, el 4 de enero de 2023, la promovente expresó por correo electrónico su frustración con la poca diligencia de la gestión del licenciado y de la poca comunicación entre ellos.[5] Así las cosas, el 9 de enero de 2023, el letrado le informó que le estaba dando seguimiento al caso en el tribunal.[6] No obstante, lo expresado por el licenciado Santiago Maldonado, el Procurador General señaló que la demanda fue presentada el 9 de enero de 2023.[7] Además surge que, el 15 de marzo de 2023, el letrado desistió sin

---

[3] *Íd.*, en la pág. 27.

[4] *Íd.*

[5] Específicamente, la señora Hernández Montañez indicó que:

Saludos Lcdo! Siempre van ha haber circunstancias, no creo que eso deba afectar el cumplimiento de la comunicación estipulada en el contrato. ¿Cuándo se procesó el caso y [porque] yo nunca lo supe? ¿Por qué tengo que indagar por información? ¿[Cuál] es la petición? ¿[Cuál] es la fecha de este documento fotografiado a medias? ¿En qué data se basa la expectativa? ¿Por qué es una expectativa y no una cita? Esto no está funcionando... Espero el 9 enero.

*Íd.*

[6] *Íd.*

[7] *Íd.*, págs. 8-9.

perjuicio al no lograrse diligenciar el emplazamiento de la parte demandada.[8]

El 17 de junio de 2024, emitimos una *Resolución* concediéndole al licenciado Santiago Maldonado un término de veinte (20) días para reaccionar al *Informe*. Le advertimos que de no comparecer se entendería que se allanó a las recomendaciones del Procurador General. Tras conceder una prórroga, este no ha comparecido, por lo que procedemos a resolver.

## II

El Código de Ética Profesional constituye las normas mínimas sobre la conducta de los profesionales que ejercen la abogacía. Preámbulo de los Cánones de Ética Profesional, 4 LPRA Ap. IX. El incumplimiento con las normas que impone el ordenamiento ético y la ley acarrea la imposición de sanciones disciplinarias. *In re Torres Alvarado*, 212 DPR 477, 485 (2023).

Así las cosas, todo abogado tiene la obligación de atender los intereses y asuntos encomendados por sus clientes con la mayor diligencia, celo y cuidado. Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX. Luego de aceptado un caso, el abogado debe demostrar la competencia y diligencia que exige el ejercicio de nuestra profesión, so pena de violentar este precepto ético. *In re Collazo I*, 159 DPR 141, 146 (2003). Sobre el particular hemos reiterado que, el deber

---

[8] *Íd.,* pág. 18.

de diligencia requiere que el abogado realice oportunamente la gestión encomendada, en forma adecuada y sin dilaciones que pueda afectar la ágil solución de la controversia. *In re Feliciano Rodríguez,* 198 DPR 369, 382 (2017); *In re Cuevas Borrero,* 185 DPR 189, 199-200 (2012).

Se ha resuelto que las siguientes actuaciones constituyen la falta de diligencia vedada por el Canon 18 de Ética Profesional, *supra*:

> 1) no comparecer a los señalamientos del tribunal, 2) no contestar interrogatorios que le son sometidos, 3) no informar a las partes sobre la presentación de un perito, 4) desatender o abandonar el caso, 5) permitir que expire el término prescriptivo o jurisdiccional de una acción, y 6) cualquier tipo de actuación negligente que puede conllevar o, en efecto, resulte en la desestimación o archivo del caso. *In re Rivera Ortiz*, 213 DPR __, 2023 TSPR 141 pág. 8; *In re Cardona Álvarez*, 204 DPR 409, 422-423 (2020); *In re Collazo I*, *supra*, pág. 147.

Asimismo, como parte de los deberes del abogado hacia su cliente, el Canon 19 del Código de Ética, *supra*, exige que este mantenga a su cliente o clienta informado de los asuntos importantes que surjan durante la tramitación del caso que se le encomendó. Esta obligación es autónoma e independiente al deber de diligencia que tiene un abogado hacia su cliente. *In re Rivera Nazario*, 193 DPR 573, 584 (2015*); In re Rodríguez Lugo*, 175 DPR 1023, 1029 (2009).

La norma enunciada busca hacer viable la comunicación efectiva entre el abogado y su representado. *In re Rodríguez Lugo, supra.* Además, este constituye un deber unidireccional del abogado hacia su cliente, por lo cual, no informar por qué el segundo se tornó inaccesible no exime al abogado de

su responsabilidad. *In re Nieves Nieves*, 181 DPR 25, 40 (2011). En tales situaciones el abogado debe indicar "las gestiones que realizó para comunicarse con su cliente". *Íd.* Específicamente, el abogado debe demostrar las diligencias razonables que realizó para restablecer la comunicación con su cliente. *In re Rivera Nazario, supra*, pág. 585. Por otra parte, el cumplimiento con esta exigencia ética requiere que el abogado esté disponible y accesible. *In re Rodríguez Lugo, supra*.

Un abogado infringe los preceptos del Canon 19 de Ética Profesional, *supra,* cuando: 1) no atiende los reclamos de información que le hace su cliente o clienta; 2) no le informa del resultado adverso de una gestión; 3) ocurre la desestimación o el archivo de la acción; 4) no mantiene al cliente o clienta al tanto del estado de los procedimientos del caso, y 5) le niega información sobre el mismo. *In re Lugo Quiñones I*, 206 DPR 1, 11 (2021); *In re Pérez Guerrero*, 201 DPR 345, 356 (2018); *In re Vázquez Bernier*, 198 DPR 459 (2017).

Por otra parte, es menester señalar que según el Canon 20 del Código de Ética Profesional, *supra,* al renunciar a la representación legal, el abogado debe, entre otros, reembolsar inmediatamente a su cliente de "cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado". El retener tales cantidades sin realizar la labor por la cual fue encomendado constituye una grave falta ética. *In re Santiago Méndez*, 201

DPR 436, 443 (2018); *In re Martí Rodríguez*, 194 DPR 467, 474 (2016).

De igual forma, el Canon 23 del Código de Ética Profesional, *supra*, dispone en lo pertinente:

> La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. **En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión** y no debe mezclarlos con sus propios bienes ni permitir que se mezclen. (énfasis suplido)

Como bien sabemos la relación abogado-cliente debe estar fundada en la honradez y la confianza mutua. *In re Rivera Rodríguez,* 202 DPR 1026, 1049-1050 (2019). Por tanto, el Canon 23 exige que el abogado rinda cuentas al cliente de "cualquier cantidad de dinero u otros bienes del cliente que vengan a su posesión, incluso aquella suma de dinero que le adelantara en concepto de honorarios de abogado". *In re Santiago Méndez, supra,* págs. *443-444; In re Martí Rodríguez, supra.* Además, este Tribunal ha sido claro que "la dilación en la devolución de estos fondos es causa suficiente para infringir este canon, independientemente de que haya devuelto el dinero retenido o no haya tenido la intención de apropiárselos permanentemente". *In re Santiago Méndez, supra*, pág. 444.

El Canon 35 de Ética Profesional, *supra*, dispone en lo pertinente que, "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada". Hemos reiterado que resaltar la

verdad "es un atributo inseparable del ser abogado". *In re Crespo Pendás*, 211 DPR 510, 517 (2023). Así las cosas, resulta contrario a este precepto toda conducta de un abogado que conlleva ocultar a su cliente la realidad de lo sucedido sobre los asuntos encomendados y el realizar falsas representaciones de que está trabajado el mismo, a sabiendas de que no es así. *In re Crespo Pendás, supra*; *In re Rivera Lozada*, 176 DPR 215, 230 (2009).

Por último, al disciplinar abogados que han infringido el Código de Ética Profesional este Tribunal ha considerado varios factores para determinar la sanción correspondiente. Específicamente hemos considerado como criterios o factores relevantes: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente o la clienta; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Roldán González*, 195 DPR 414, 425 (2016).

### III

Como ya mencionamos, el Procurador General, quien realizó una investigación sobre los hechos esbozados en la *Queja,* concluyó que el licenciado Santiago Maldonado se apartó de los Cánones 18, 19, 20, 23 y 35 del Código de Ética Profesional, *supra*. Coincidimos con esta conclusión.

Primero, el letrado se apartó del Canon 18 de Ética Profesional, *supra*, al dilatar la tramitación de la causa de la señora Hernández Montañez. En agosto de 2022, el letrado fue contratado para presentar una reclamación en desahucio. Pero no fue hasta cuatro meses después, el 9 de enero de 2023 que, se presentó la demanda. El licenciado Santiago Maldonado arguyó que la demora se debió a que faltaba información que la señora Hernández Montañez iba a proveer. No obstante, del expediente surge que el abogado no se comunicó o le dio seguimiento a su clienta. Por el contrario, los correos electrónicos demuestran que fue la señora Hernández Montañez quien le dio seguimiento a la encomienda.

Además, es contrario al Canon 18 del Código de Ética Profesional, *supra*, que un abogado en el desempeño de su encomienda proceda a desistir de la demanda sin informar a su cliente. Según el trasfondo fáctico, el 15 de mayo de 2023, el licenciado Santiago Maldonado tomó la decisión de desistir de la acción judicial porque tuvo dificultades para emplazar personalmente al demandado. No surge de sus alegaciones o de la prueba que el letrado haya informado o consultado con su clienta sobre lo anterior. Aún más, de la *Queja* surge que la señora Hernández Montañez conocía que se presentó la demanda, pero no hace mención alguna del desistimiento.

Segundo, el licenciado Santiago Maldonado infringió los Cánones 19 y 35 del Código de Ética Profesional ya que nunca notificó a su cliente el verdadero estado del caso. Además

de esto, también le proveyó información falsa respecto a ello. En particular, el 31 de diciembre de 2022, le informó a la señora Hernández Montañez que el caso estaba procesado en el tribunal y luego, el 9 de enero de 2023, reiteró esto al indicar que estaba dándole seguimiento a este. Ambas expresiones eran contrarias a la verdad; la demanda de desahucio fue en efecto presentada el 9 de enero de 2023.

Además, pasado el 9 de enero de 2023 el licenciado Santiago Maldonado no tuvo comunicación alguna con su cliente. Durante la investigación del Procurador General, el letrado no presentó comunicación alguna, verbal- por vía telefónica- o escrita tenida entre él y la señora Hernández Montañez luego de presentada la demanda, inclusive en o antes de desistir del pleito.

Por último, al desistir de la acción de desahucio el licenciado Santiago Maldonado tenía la obligación bajo los Cánones 20 y 23 de Ética Profesional, *supra*, en rendir cuentas por los trabajos realizados y devolver los honorarios profesionales en concepto de los servicios no prestados. No obra en el expediente que el licenciado Santiago Maldonado haya rendido cuentas a la promovente sobre las gestiones que realizó, tales como presentar la demanda y acudir a dos vistas. De igual forma, aun cuando ha expresado su disponibilidad de devolver el pago en honorarios legales, hasta el momento el letrado no ha acreditado haber realizado la gestión.

**IV**

En fin, establecido que el licenciado Santiago Maldonado infringió los Cánones 18, 19, 20, 23 y 35 del Código de Ética Profesional, *supra*, procedemos a determinar la correspondiente sanción disciplinaria. Notamos que la recomendación del Procurador General en su *Informe* consiste en primero ordenar al licenciado Santiago Maldonado a rendir cuentas a la señora Hernández Montañez sobre las gestiones realizadas y reembolsar los dos mil ($2,000) dólares pagados en concepto de honorarios de abogados. Además, recomendó imponer sanciones severas por la conducta del licenciado.

Así las cosas, **ordenamos al licenciado Santiago Maldonado a rendir cuentas por escrito a la señora Hernández Montañez por las labores realizadas y devolver el dinero recibido en concepto de honorarios de abogado.** Por consiguiente, el letrado deberá acreditar dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia el cumplimiento de lo anterior a este foro.

Según expresamos previamente, al momento de imponer una sanción disciplinaria este Tribunal considera varios factores como atenuantes o agravantes de la conducta incurrida. El licenciado Santiago Maldonado ha sido disciplinado en dos ocasiones previas. Según surge de su historial disciplinario, en ambas ocasiones, el letrado en la práctica de la abogacía fue censurado y apercibido de abstenerse de incurrir en conducta que lesione los estándares

éticos.[9] En vista de lo anterior, **resolvemos suspender del ejercicio de la abogacía al licenciado Santiago Maldonado por un término de tres (3) meses, de manera inmediata.**

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

---

[9] Además, el licenciado Santiago Maldonado se encuentra suspendido de la práctica notarial.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--|
| José E. Santiago Maldonado (TS-18,288) | AB-2023-0210 |

SENTENCIA

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede se suspende del ejercicio de la abogacía al Lcdo. José E. Santiago Maldonado por un término de tres (3) meses, de manera inmediata. Se le ordena al licenciado Santiago Maldonado que rinda cuenta por escrito a la Sra. María T. Hernández Montañez por las labores realizadas y devolverle el dinero recibido en concepto de honorarios de abogado. Deberá acreditar dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia el cumplimiento de lo anterior ante este Foro.

En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo